Lipscomb, J.
It is not considered material to notice but one ground which seems to the court to be decisive of this case, as in the argument it was understood to be admitted by the appellants that if the general law in relation to the removal of seats of justice, passed on the 9th day of May, 1838, was still in force, the' decision of the case in the court below could not be disturbed. That act is in the following- words:
“ That a majority of two-thirds of the votes of the qualified voters of a county shall be required to remove the seat of justice in any of the counties of the Republic that now are or hereafter may be established: Provided, however, That if in any county the seat of justice shall be established at a greater distance than five miles from the center of said county, a majority of all the votes shall be sufficient for its removal.
“Sec. 2. That when in the opinion of the chief justice of any couidy the necessary number of inhabitants apply by petition or otherwise for the removal of the seat of justice, it shall be the duty of said chief justice to order an election for that purpose, giving due notice thereof, which election shall be held at the same places and conducted in the same manner as elections for members of Congress. And the result of said elections shall establish the seat of justice, in accordance with the provisions of the first section of this act.”
The appellants suppose that if this act is not repealed it is superseded and rendered nugatory by the fact of the change of Government and now that there are no members of Congress to be. elected. It is not believed that this objection is well taken. It is not important that there should still be officers of that denomination to be now elected, because such officers had nothing to do with the election. They were only named for the purpose of designating with more certainty the manner in which the election is to be conducted; and if we have no longer any members of Congress to be elected, we still have popular county elections for members of the State Legislature that would sufficiently answer the description, and the mode of electing such members would still indicate in what manner (he elections for removing county seats should be conducted.
It is further urged by the appellants that the act of the Legislature locating the seat of justice in the county of Leon supersedes and repeals the general law cited above. By the first section of the act locating the seat of justice for Leon county it is provided that until it shall be permanently located (he temporary seat of justice shall be at the house of Moses Campbell, and all the courts of the said county shall be held thereat until the permanent seat of justice maybe located and suitable buildings constructed. The second section provides “that it shall be the duty of the chief justice of said. *205 county of Leon to order an election to be held in said county on the first Monday of August next for the purpose of selecting the permanent seat of justice of said county,” &c. It is believed that the word “permanent” as used in the act is only in contradistinction to temporary, and does not by necessary implication repeal the general law and take away the right of tiie people to move it when two-thirds, in the case of its being not more than five miles, or a majority if it is further than five miles from the center, of the qualified voters should wish to do so. In matters relating to county regulations there is no public policy that would restrain the will of the majority, nor should we construe the act of the Legislature to mean such was intended if a fair construction of the language used would avoid such meaning. It seems that both statutes can have effect and stand together if we say. that by permanent it is only meant that it shall remain at such place until it shall be removed in the manner directed by law. The provisions of the general law apply as well to county seats to he afterwards established as to those already established, and seem to be intended that it shall at all times be left to the people to determine for themselves. If this view is correct, there is no necessity for examining other points presented, because it would affirm the decree of the court below. The discussion of the other points presented has been rendered of less consequence since this canse was brought into this court by the passage ■of an act of the Legislature establishing the seat of justice for the county. It is now, therefore, a mere matter of costs.
Judgment affirmed.'